# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

REUBEN RAUL MARTINEZ, SR.,

Defendant-Appellant.

UNPUBLISHED
October 16, 2018

No. 339553
Saginaw Circuit Court
LC No. 13-038695-FC

Before: CAVANAGH, P.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Defendant was convicted by jury of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b) (sexual penetration of a victim less than 13 years of age by a defendant 17 years of age or older), and two counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(2)(b) (sexual contact with a victim less than 13 years of age by a defendant 17 years of age or older). The victim was defendant's granddaughter. The trial court originally sentenced defendant to serve concurrent prison terms of 25 to 40 years for each CSC-I conviction and 12 to 20 years for each CSC-II conviction. But our Supreme Court vacated defendant's sentences for CSC-II because the minimum sentence exceeded two-thirds of the statutory maximum[1] and remanded for resentencing on those offenses. *People v Martinez*, 500 Mich 957 (2017). On remand, the trial court resentenced defendant within the recommended sentencing guidelines range to concurrent prison terms of 6½ to 15 years for the CSC-II convictions. Defendant appeals by right, arguing that his sentences for CSC-II are unreasonable. We affirm.

## I. ANALYSIS

Defendant argues that his non-departure sentences must be reviewed for reasonableness under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), its progeny, and federal

---

[1] "The court shall not impose a minimum sentence, including a departure, that exceeds 2/3 of the statutory maximum sentence." MCL 769.34(2)(b).

precedent. Defendant contends that the first sentence of MCL 769.34(10) is invalid and not mandatory, thereby permitting this Court to engage in a review of defendant's sentences, notwithstanding that they are within the applicable sentencing guidelines range. We disagree.

Defendant's argument is foreclosed by the first sentence of MCL 769.34(10), which provides, in pertinent part, "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." This Court held in *People v Schrauben*, 314 Mich App 181; 886 NW2d 173 (2016) that "*Lockridge* did not alter or diminish MCL 769.34(10)." *Id.*, at 196 n 1. "When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *Id.* at 196.[2]

Defendant notes that in *Lockridge*, 498 Mich at 365 n 1, our Supreme Court stated: "To the extent that any part of MCL 769.34 or another statute refers to use of the sentencing guidelines as mandatory or refers to departures from the guidelines, that part or statute is also severed or struck down as necessary." We are, however, bound to follow *Schrauben*, in which this Court explicitly held that "*Lockridge* did not alter or diminish MCL 769.34(10)" and reaffirmed that "[w]hen a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *Schrauben*, 314 Mich App at 196 n 1.

Moreover, a sentence is reviewed for proportionality only when it departs from the applicable guidelines range. See *People v Steanhouse*, 500 Mich 453, 477; 902 NW2d 327 (2017) ("[A]ppellate review of departure sentences for reasonableness requires review of whether the trial court abused its discretion by violating the principle of proportionality . . . ."); *Lockridge*, 498 Mich at 392 ("A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness."); *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018) (reaffirming *Schrauben* and holding that this Court is "required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines"). Because defendant was sentenced within the applicable guidelines range for his CSC-II convictions and because he does not challenge the propriety of the guidelines

---

[2] We acknowledge that the Supreme Court declined to address "whether MCL 769.34(10), which requires the Court of Appeals to affirm a sentence that is within the guidelines absent a scoring error or reliance on inaccurate information in determining the sentence, survives *Lockridge*," *People v Steanhouse,* 500 Mich 423, 471 n 14; 902 NW2d 327 (2017), and has directed briefing on whether MCL 769.34(10) has been rendered invalid by *Lockridge* to the extent that it requires the Court of Appeals "to affirm sentences that fall within the applicable guidelines range 'absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence,' " *People v Ames*, 501 Mich App 1026; 908 NW2d 303 (2018).

scoring or the accuracy of the information on which the trial court relied in sentencing him, we must affirm his sentences. *Anderson*, 322 Mich App at 636-637.

We affirm.

/s/ Mark J. Cavanagh
/s/ Jane E. Markey
/s/ Anica Letica